UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KALA WHITE,

                Plaintiff,                Case No. 2:13-cv-158

v.                                                    Honorable R. Allan Edgar

PAUL RENICO, et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has denied Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the entire filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Kala White, a state prisoner currently confined at the Baraga Maximum Correctional Facility (AMF), filed this civil rights action pursuant to 42 U.S.C. § 1983, against Defendants St. Louis Correctional Facility (SLF) Warden Paul Renico, Central Michigan Correctional Facility Assistant Resident Unit Supervisor Joseph Michalski, Carson City Correctional Facility (DRF) Hearing Officer Susanne E. Harris-Spicer, Baraga Maximum Correctional Facility (AMF) Warden Ken Tribley, AMF Assistant Resident Unit Supervisor Harold Warr, AMF Assistant Resident Unit Supervisor Tammy L. Gajewski, and MDOC Grievance Specialist Sean Lockhart.

In Plaintiff's complaint, he was found guilty of a false misconduct in 2002 while at for allegedly telling his roommate that he would kill him if he did not "suck [Plaintiff's] dick." Plaintiff claims that Defendant Michalski knowingly fabricated this ticket. Defendant Harris-Spicer found Plaintiff guilty of the misconduct and Plaintiff received a homosexual predator designation. Plaintiff requested a rehearing, which was granted. However, Defendant Renico subsequently informed Plaintiff that he had decided to dismiss the misconduct conviction and terminate the homosexual predator designation. Defendant Renico provided Plaintiff with a "Security Classification Screen-Review" which verified that the homosexual predator designation had been terminated. Plaintiff alleges that Defendant Renico offered him a $5,000.00 settlement for the incident. Plaintiff refused the settlement offer and refused to return to the general population at SLF.

Plaintiff claims that a "violent incident" occurred between himself and SLF staff which resulted in Plaintiff's immediate transfer to the Standish Maximum Correctional Facility. Following the transfer, Plaintiff was served with another Security Classification Screen-Review,

which indicated that the homosexual predator designation had been reinstated. Plaintiff was then transferred to AMF, where Plaintiff filed a lawsuit against the MDOC regarding his improper designation as a homosexual predator. *See White v. MDOC*, No. 2:07-cv-86 (W.D. Mich., Nov. 15, 2007). However, Plaintiff's lawsuit was dismissed because his claims against the MDOC was barred by Eleventh Amendment immunity. *Id.*

In May of 2011, Defendant Gajewski informed Plaintiff that the MDOC predator designation policy directive had been repealed and that she did not think that the new policy was going to be applicable to Plaintiff. Defendant Gajewski stated that she was going to recommend that all the restrictions that were keeping Plaintiff confined to a Level V facility be removed. Defendant Gajewski subsequently met with Plaintiff a few times and assured him that all of the necessary paperwork had been completed and mailed to Lansing.

Several months later, Plaintiff met with Deputy Warden Jondreau, who told Plaintiff that AMF was about to open a new wing, which would serve as a reintegration ward, and offered Plaintiff the opportunity to be placed on that wing. Plaintiff refused because he did not want to interact with other inmates who might make a false homosexual claim against him. Plaintiff claims that Deputy Warden Jondreau gave him an absolute guarantee that would not happen, stating that all prisoners on the new wing would be subjected to a high level of scrutiny during any out-of-cell movement. Plaintiff agreed and was placed on the new wing on October 10, 2011.

Sometime in 2012, Plaintiff filed a grievance requesting that the sanctions against him finally be lifted. In responding to Plaintiff's grievance, Defendant Warr stated that the 2002 misconduct conviction was still in Plaintiff's record, but pursuant to the new policy directive, Plaintiff was no longer considered a sexual predator, but was merely considered "sexually

aggressive." Plaintiff seeks a removal of the misconduct from his records, as well as a removal of all labels and sanctions. Plaintiff also seeks damages.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he has been improperly labeled as a homosexual predator and / or sexually aggressive in violation of the Due Process Clause. However, a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Moreover, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). Relying on *Sandin,* the Sixth Circuit has held that a Michigan prisoner can no longer claim a liberty interest in his security classification. *See Harbin-Bey v. Rutter,* 420 F.3d 571, 577 (6th Cir.2005); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir.1995); *accord Mackey v. Dyke,* 111 F.3d 460 (6th Cir.1997). Furthermore, the Sixth Circuit has specifically held that a prisoner does not have a liberty interest arising from designation as a homosexual predator. *See Washington v. Wiest,* No. 97-1289, 1998 WL 466555, at * 2 (6th Cir. July 31, 1998); *O'Quinn v. Brown,* No. 92-2183, 1993 WL 80292, at * 1 (6th Cir. Mar.22, 1993). Plaintiff's designation as a "homosexual predator" is nothing more than a security classification used by the prison. Because Plaintiff does not have a

constitutional right to a particular security level or classification, he fails to state a due process claim.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

In addition, Plaintiff's pending motions (docket ##5-8) are **DENIED** as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:        3/4/2014                        */s/ R. Allan Edgar*
                                              R. Allan Edgar
                                              United States District Judge